# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GARY SIRBAUGH, #243815,

        Petitioner,                         Case Number: 07-CV-10461

v.                                           HON. ANNA DIGGS TAYLOR

CAROL HOWES,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS [D/E 5]

Petitioner Gary Sirbaugh, a state inmate currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for two counts of first-degree criminal sexual conduct. Respondent has filed a Motion to Dismiss for Failure to Comply With the Statute of Limitations. The Court finds that the petition was not timely filed and grants the motion.

**I.**

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of two counts of first-degree criminal sexual conduct. Petitioner subsequently pleaded guilty to being a third habitual offender. On May 11, 1995, Petitioner was sentenced as a third habitual offender to twenty to forty years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Sirbaugh, No. 185858 (Mich. Ct. App.

Jan. 24, 1997). Petitioner did not seek leave to appeal in the Michigan Supreme Court.

On June 5, 1998, Petitioner filed a petition for a writ of habeas corpus in this Court. The petition was dismissed without prejudice for failure to exhaust all of the claims presented. Sirbaugh v. Elo, No. 98-cv-7197 (March 22, 1999).

Petitioner filed a motion for relief from judgment in the trial court on June 1, 2005. The motion was denied on December 15, 2005. Petitioner sought leave to appeal the denial of his motion for relief from judgment in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. People v. Sirbaugh, No. 268969 (Sept. 28, 2006); People v. Sirbaugh, No. 132262 (Mich. Ct. App. Dec. 29, 2006).

On January 26, 2007, Petitioner filed the pending petition for a writ of habeas corpus.

## II.

Respondent argues that the petition should be dismissed because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions.

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. Isham v. Randle, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state

2

post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner appealed his convictions to the Michigan Court of Appeals, which issued an opinion affirming his convictions on January 24, 1997. Michigan Court Rule 7.302(C)(3) allows a defendant fifty-six days from the date of the Michigan Court of Appeals decision to file a delayed application for leave to appeal. Petitioner did not file an application for leave to appeal to the Michigan Supreme Court. Thus, his conviction became final when the time for seeking such review expired, March 21, 1997. *See* Redmond v. Jackson, 295 F. Supp. 2d 770, 767 (E.D. Mich. 2003) (Gadola, J.) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires); Brown v. McKee, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002) (Rosen, J.) (same); Erwin v. Elo, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (same). The limitations period commenced the following day, March 22, 1997, and continued to run uninterrupted until it expired on March 22, 1998.

Petitioner argues that the filing of his first petition for a writ of habeas corpus on June 5, 1998, should have tolled the limitations period. The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See* Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Moreover, even if the limitations period were equitably tolled for the period when the habeas petition was pending, the petition is still untimely because the limitations period expired before Petitioner's first habeas petition was filed.

Petitioner also argues that the limitations period should be equitably tolled because, by

3

the middle of 1999, he began to suffer serious heart ailments, including three heart attacks, underwent a quadruple bypass operation in 2002, and did not begin to recover until late 2004. To be entitled to equitable tolling, a Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1087 (2007), *quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "Illness – mental or physical – tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." Price v. Lewis, 119 Fed. Appx. 725, 726 (6th Cir. 2005). In this case, Petitioner states that his heart troubles commenced in 1999. The one-year limitations period expired in 1998. Therefore, his heart condition, which commenced after the limitations period expired, did not prevent him from filing a timely petition.

Additionally, Petitioner argues the limitations period should be tolled because he is actually innocent. "Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004), citing Dunlap v. United States, 250 F.3d 1001, 1007 (6th Cir. 2001). Actual innocence can be a basis for equitable tolling when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." Souter v. Jones, 395 F.3d 577, 600 (6th Cir.2005). "Where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." Id. at 602. "[T]he threshold inquiry is whether 'new facts raise[ ]

4

sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" Id. at 590, *quoting* Schlup v. Delo, 513 U.S. 298, 317 (1995). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Id. at 324.

In this case, Petitioner does not present new evidence that raises sufficient doubt about his guilt or that undermines confidence in the result of his trial. Therefore, the Court finds that equitable tolling is not warranted based upon his claim of actual innocence.

### III.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. Castro v. United States, 310 F.3d 900, 903 (6th Cir. 2002). The Court concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth*., 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to

deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## IV.

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period, and that equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**s/ Anna Diggs Taylor**
ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

Dated: February 11, 2008

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on February 11, 2008:

Gary Sirbaugh, # 243815
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

s/Johnetta M. Curry-Williams
Case Manager